RECORD NO. 14-4464

*In The*

# United States Court Of Appeals

## For The Fourth Circuit

# UNITED STATES OF AMERICA,

*Plaintiff – Appellee,*

v.

# CHRISTOPHER HAMMOND,

*Defendant – Appellant.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
AT CHARLOTTE

_____

**BRIEF OF APPELLANT**

_____

**Tony E. Rollman**
ATTORNEY AT LAW
**P.O. Box 8695**
**Asheville, NC  28814**
**(828) 253-7788**

*Counsel for Appellant*

*Gibson*Moore Appellate Services, LLC
421 East Franklin Street ♦ Suite 230 ♦ Richmond, VA 23219
804-249-7770 ♦ www.gibsonmoore.net

<u>TABLE OF CONTENTS</u>

<u>PAGE</u>:

TABLE OF AUTHORITIES ................................................................. ii

STATEMENT OF JURISDICTION.......................................................1

ISSUE PRESENTED ............................................................................1

STATEMENT OF THE CASE...............................................................1

       Statement of Facts.......................................................................2

SUMMARY OF THE ARGUMENT ......................................................3

ARGUMENT ........................................................................................3

       Standard of Review......................................................................3

       Discussion ...................................................................................3

CONCLUSION ....................................................................................12

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF FILING AND SERVICE

i

## TABLE OF AUTHORITIES

PAGE(S):

CASES:

Brady v. United States,
    397 U.S. 742 (1970)...........................................................................7, 8

Glidden Co. v. Zdanok,
    370 U.S. 530 (1962)............................................................................12

Gomez v. United States,
    490 U.S. 858 (1989)..........................................................................8, 9

Johnson v. Ohio,
    419 U.S. 924 (1974)..............................................................................7

Nguyen v. United States,
    539 U.S. 69 (2003)........................................................................11, 12

Peretz v. United States,
    501 U.S. 923 (1991)........................................................................6, 11

Rivera v. Illinois,
    556 U.S. 148 (2009)............................................................................11

United States v. Benton,
    523 F.3d 424 (4th Cir. 2008) ..............................................3, 9, 10

United States v. Knox,
    540 F.3d 708 (7th Cir. 2008) ....................................................10

Wingo v. Wedding,
    418 U.S. 461 (1974)............................................................................12

STATUTES:

18 U.S.C. § 1349 ......................................................................................1

18 U.S.C. § 3742(a)(1) ............................................................................1

21 U.S.C. § 846 ...................................................................................... 1

28 U.S.C. § 1291 ................................................................................... 1

28 U.S.C. § 636 (Federal Magistrates Act) ........................................ passim

28 U.S.C. § 636(a)(3) ............................................................................ 6

28 U.S.C. § 636(a)(4) ............................................................................ 6

28 U.S.C. § 636(b)(1)(A) ....................................................................... 6

28 U.S.C. § 636(b)(3) .......................................................................... 6, 7

RULES:

Fed. R. Crim. P. 11 ............................................................................. 2, 4

Fed. R. Crim. P. 11(b) ........................................................................... 8

Fed. R. Crim. P. 59 ............................................................................... 4

W.D.N.C. Crim. R. 57.1(A)(9) .............................................................. 4

<u>STATEMENT OF JURISDICTION</u>

This case is a direct appeal by a defendant in a federal criminal case from the sentence imposed after conviction for Conspiracy to Distribute Cocaine in violation of 21 U.S.C. 846 in the United States District Court for the Western District of North Carolina.   Jurisdiction was conferred upon the United States District Court pursuant to 18 U.S.C. 1349, 21 U.S.C. 846. Appellate jurisdiction is conferred upon the Fourth Circuit Court of Appeals pursuant to 18 U.S.C. Section 3742(a)(1) and 28 U.S.C. Section 1291.  Sentence was imposed by the lower court on May 27, 2014 and a judgment incorporating that sentence was filed by the court on June 4, 2014. (JA 123). Appellant timely filed his notice of appeal on June 2, 2014. (JA 122).

<u>ISSUE PRESENTED</u>

Whether the Magistrate Judge's acceptance of Mr. Hammond's guilty plea violated the Federal Magistrates Act?

<u>STATEMENT OF THE CASE</u>

The Appellant faced the charges of 21 U.S.C. 846 in the Western District of North Carolina. On January 31, 2013, Mr. Hammond appeared before U.S. Magistrate Judge David C. Keesler and pled guilty to Count One of the Superseding Bill of Indictment pursuant to a written plea agreement. (JA 129).  On May 27, 2014 Mr. Hammond appeared before Chief District Court Judge Frank D.

1

Whitney and Chief Judge Whitney sentenced him to 292 months. Mr. Hammond timely filed his Notice of Appeal on June 2, 2014. (JA 122).

Statement of Facts

At the Plea and Rule 11 Hearing, counsel for the United States of America summarized that Mr. Hammond agreed to enter a voluntary plea of guilty to Counts One in the Superseding Bill of Indictment, and admits being in fact guilty as charged in that count, because he conspired to distribute cocaine and cocaine base.

Mr. Hammond pleaded guilty to Counts One of the Superseding Bill of Indictment pursuant to a written plea agreement filed with the Court on January 29, 2013. (JA 129). In paragraph 19 of that plea agreement, the Appellant waived all of his rights to contest his conviction and sentence except for claims of ineffective assistance of counsel and/or claims of prosecutorial misconduct in exchange for the concessions made by the United States in that plea agreement. In paragraph 13 of the plea agreement, Mr. Hammond consented that a ***duly qualified*** Magistrate Judge may conduct the hearing required by Rule 11 (emphasis added). Mr. Hammond asserts that the Magistrate Judge was not duly qualified as he was not authorized by the Federal Magistrates Act.

On May 27, 2014 the Honorable Frank D. Whitney, United States Chief District Court Judge, conducted a Sentencing Hearing. (JA 44). The Court

committed Mr. Hammond to the custody of the United States Bureau of Prisons to be imprisoned for a term of 292 months.

## SUMMARY OF THE ARGUMENT

The Magistrate Judge's acceptance of Mr. Hammond's guilty plea violated the Federal Magistrates Act. While we do not criticize the Magistrate Judge's performance, the Federal Magistrates Act does not authorize a Magistrate Judge to accept a felony guilty plea and Mr. Hammond need not show that he suffered any prejudice from the role the Magistrate Judge played in this case.

## ARGUMENT

### Standard of Review

This Court in <u>United States v. Benton</u>, 523 F.3d 424 (4th Cir. 2008), stated that, "Because Benton did not raise his challenge to the magistrate judge's authority below, we review his claim for plain error." However, Mr. Hammond asserts that authority contained in this brief hereinafter suggests that plain error is not the proper standard of review.

### Discussion

Whether the Magistrate Judge's acceptance of Mr. Hammond's guilty plea violated the Federal Magistrates Act?

Pursuant to a written plea agreement (JA 129), Mr. Hammond pled guilty to Count One of the Superseding Bill of Indictment, Conspiracy to Distribute

3

Cocaine. (JA 14). With Mr. Hammond's consent Magistrate Judge David Keesler accepted Mr. Hammond's guilty plea. (JA 16). Thereafter, Chief District Court Judge Frank D. Whitney sentenced Mr. Hammond and imposed a sentence of 292 months in prison. (JA 44). Mr. Hammond timely filed his notice of appeal. (JA 122). Mr. Hammond contends that the Magistrate Judge's acceptance of his felony guilty plea a violation of the Federal Magistrates Act, 28 U.S.C. Section 636, Rule 59 of the Federal Rules of Criminal Procedure and the United States Constitution.

Mr. Hammond was indicted and charged with conspiracy to distribute cocaine. At his initial arraignment on March 2, 2012 he pled not guilty. Pursuant to the written plea agreement, he specifically waived his right to appeal except claims of ineffective assistance of counsel and/or prosecutorial misconduct.

Magistrate Judge David Keesler conducted Mr. Hammond's plea colloquy pursuant to Local Rule 57.1(A)(9) of the United States District Court for the Western District of North Carolina, which provides that "Magistrate judges are authorized and designated to exercise the following functions and duties in criminal actions: (9) to conduct, take, and accept pleas under Fed. R. Crim. P. 11." During the plea colloquy, Magistrate Judge Keesler asked Mr. Hammond if he consented to him taking the guilty plea and Mr. Hammond answered in the affirmative. Specifically, the Magistrate Judge asked Mr. Hammond, "Do you understand you have a right to have a U.S. district judge conduct this proceeding?"

4

Mr. Hammond answered, "I do now". The Magistrate Judge then asked Mr. Hammond, "Okay. Well, let me explain to you what I mean by that. There are really two different levels of judges in the building. The presiding judicial officer in your case is a United States District Judge. I do work those delegated to me by the district judge, among other things, and the taking of a guilty plea such as this is, this is one of those tasks that I normally do, but you do have a right to have this hearing before a U.S. district judge if you want. Do you understand that?" (JA 18). Mr. Hammond replied, "Yes, sir." (JA 18). The Magistrate Judge inquired, "Recognizing that right, do you expressly consent to proceed before me, a United States Magistrate Judge?" (JA 19). Mr. Hammond replied, "Yes." (JA 19). The plea colloquy continued and Mr. Hammond admitted his guilt to Count One in the Superseding Bill of Indictment.

After Mr. Hammond admitted his guilt (JA 34), Magistrate Judge Keesler stated that "Therefore, based on the representations and answers given both by the defendant and his lawyer in this proceeding, the Court does find that the defendant's plea of guilty is knowingly and voluntarily made and that the defendant understands the charges, potential penalties and consequences of his plea. Accordingly, Mr. Hammond's plea of guilty is hereby accepted." (JA at 41-42) After the completion of the presentence report, Chief District Court Judge Frank D. Whitney conducted sentencing hearing and made findings adverse to Mr.

5

Hammond. The District Court then imposed a sentence of 292 months active incarceration. (JA 113).

The Federal Magistrate Act, 28 U.S.C. Section 636, defines the scope of the duties that United States Magistrate Judges are permitted to perform. The Federal Magistrates Act lists three types of duties for Magistrate Judges. With the litigant's consent they may perform certain enumerated duties in 28 U.S.C. Section 636(a)(3), they may perform certain enumerated duties in 28 U.S.C. Sections 636(a)(4), (b)(1)(A) and they may undertake "such additional duties as are not inconsistent with the Constitution and laws of the United States." 28 U.S.C. Section 636(b)(3).

The Supreme Court has explained that whether a duty not listed in the statute qualifies as a permissible additional duty depends on whether the duty is "comparable" to the ones actually listed in the Federal Magistrate Act. United States v. Harden, 13-1323, page 4, (7th Cir. 2014), citing Peretz v. United States, 501 U.S. 923, 931-933 (1991).  If an unlisted duty is comparable to the duties listed in the Act, that duty may be performed by the Magistrate Judge with the parties' consent. Id. at 933. The Peretz Court concluded that a Magistrate Judge may oversee jury selection in a felony case with the parties' consent. Id.

Because the acceptance of a guilty plea in a felony case is not a prescribed duty or power, This Court must interpret the "additional duties" clause of the

statute to determine whether the Act permits Magistrate Judges to accept felony guilty pleas with the parties' consent. The <u>Harden</u> Court determined that the very important task of accepting a felony guilty plea is too significant to be deemed a mere "additional duty" that is permitted under Section 636(b)(3). <u>Id.</u> Because the acceptance of a guilty plea is more important than the supervision of a civil or misdemeanor trial, or presiding over voir dire, the "additional duties" clause cannot be extended to reach acceptance of felony guilty pleas, even with the defendant's consent. <u>Id.</u> at 5.

The <u>Harden</u> Court, <u>citing</u> <u>Johnson v. Ohio</u>, 419 U.S. 924, 925 (1974), said. "[A] guilty plea is a waiver of important constitutional rights designed to protect the fairness of a trial." And that it is "more than an admission of past conduct: it is the defendant's consent that judgment of conviction may be entered with a trial-a waiver of his right to trial before a jury or judge." <u>Id.</u> at 5, <u>citing</u> <u>Brady v. United States</u>, 397 U.S. 742, 748 (1970). The <u>Harden</u> Court correctly summarized that many defendants not only waive their core rights and protections afforded by the criminal justice system, they often waive their appellate rights as well. <u>Id.</u> Certainly, Mr. Hammond waived not only his right to a trial but his appellate rights as well in his written plea agreement. The <u>Harden</u> Court reasoned that in cases like Mr. Hammond's case accepting a guilty plea in more final than a guilty verdict. <u>Id.</u> Had Mr. Hammond been tried by a jury and found guilty he would have still

7

preserved his right to appeal. In his written plea agreement he has waived his right to appeal except for claims of ineffective assistance of counsel or prosecutorial misconduct. Truly his guilty plea was more final than a guilty verdict given the appellate rights he has waived.

According to Federal Rule of Criminal Procedure 11(b), a judge accepting a guilty plea conducts a lengthy colloquy to make sure that the defendant's waivers of his rights are made "voluntary...knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences." Brady, 397 U.S. at 748. The guilty plea can only be accepted by the judge if the judge is satisfied that the defendant is competent, that the defendant's decision to plead guilty is made voluntarily, that the defendant appreciates the charges and penalties he is facing, that the defendant understands the rights he is waiving, and that the defendant understands the terms of the plea agreement.  Once the guilty plea is accepted by the judge, the acceptance of the guilty plea is dispositive and results in a change in the defendant's status from not guilty to guilty. The Harden Court reasoned that the acceptance of a guilty plea is quite similar in importance to the conducting of a felony trial. Harden at 6. Even with the consent of the parties, a Magistrate Judge is not permitted to conduct a felony trial.  The Supreme Court in Gomez v. United States, 490 U.S. 858, 872 (1989), stated, "[T]he carefully defined grant of authority to conduct trials of civil matters and of minor criminal cases

should be construed as an implicit withholding of the authority to preside at a felony trial". Magistrate Judges cannot preside over felony trials where the result can be a change in the defendant's status from not guilty to guilty of a felony. The acceptance of a felony guilty plea results in a change in the defendant's status from not guilty to guilty. If the Supreme Court in <u>Gomez</u> will not allow a Magistrate Judge to preside over a felony trial that results in a status change from not guilty to guilty, it reasons that the Magistrate Judge cannot also conduct any other hearing that would also result in the defendant's status changing from not guilty to guilty of a felony. Therefore, as the Magistrate Judge is not permitted to conduct a felony trial, a Magistrate Judge should not be permitted to accept a guilty plea in a felony case that results in the same shift in the defendant's status as if he had been tried and found guilty. By this guilty plea, Mr. Hammond's status changed from not guilty to guilty of a felony. In accepting Mr. Hammond's consensual felony guilty plea, the Magistrate Judge violated the Federal Magistrates Act.

This Court has previously decided this issue as to whether United States Magistrate Judges have the authority to accept felony guilty pleas in <u>United States v. Benton</u>, 523 F.3d 424 (4th Cir. 2008). In the <u>Benton</u> case the defendant appeared before a Magistrate Judge, consented to the Magistrate Judge accepting his guilty plea, and the Magistrate Judge did in fact accept Mr. Benton's guilty plea. <u>Benton</u> at 426.

This Court stated that Mr. Benton did not present his challenge to the Magistrate Judge's authority with "sufficient specificity" to preserve his claim. <u>Benton</u> at 428. This Court stated, "Ultimately, Benton simply did not make the district court aware of any concerns he may have had about the magistrate judge's authority, and the district court therefore had no reason to address the issue. As a result, the waiver doctrine, which preserves judicial resources and makes certain that appellate courts have well-formed records to review, requires us to consider Benton's argument waived." <u>Id.</u> at 429. Because Mr. Benton did not raise his challenge to the magistrate judge's authority below, This Court reviewed his claim for plain error. <u>Id.</u> at 429.

Like Mr. Benton and Mr. Harden, Mr. Hammond did not object to the Magistrate Judge's acceptance of the guilty plea before the district court. In fact, Mr. Hammond, like Mr. Harden and Mr. Benton, affirmatively consented to the Magistrate Judge's acceptance of his felony guilty plea. The <u>Harden</u> Court cited <u>United States v. Knox</u>, 540 F.3d 708, 713 (7th Cir. 2008) in that, "Conventionally, a waiver is a knowing and intentional relinquishment of a right, while forfeiture is the result of the unintentional relinquishment. Waiver precludes review, whereas forfeiture permits review for plain error". While Mr. Hammond does not assert any prejudice has resulted from the Magistrate Judge's acceptance of his guilty plea, neither Mr. Hammond's consent nor the lack of harm to him is dispositive in this

10

matter. The <u>Harden</u> Court, <u>citing</u> <u>Peretz</u> 501 at 953 (Scalia, J., dissenting) stated, "As a general matter, of course, a litigant must raise all issues and objections at trial, but this requirement is not absolute". The <u>Harden</u> Court noted that in <u>Peretz</u>, 501 U.S. at 932-36, the Court undertook a substantive review of the statute despite the defendant's consent to the Magistrate Judge conducting the jury selection. While permitting the practice of jury selection, the Court did not "sidestep review." <u>Harden</u> at 8.

The Supreme Court teaches that even when the defendant cannot show prejudice or harm, reversal on appeal may be appropriate when the defendant has waived an issue or otherwise consented when a judge performs an act that Congress has not authorized. <u>Harden</u>. At 8. <u>See</u>, <u>Rivera v. Illinois</u>, 556 U.S. 148, 161 (2009)(identifying as a category of cases that merit "automatic reversal" cases "in which federal judges or tribunals lacked statutory authority to adjudicate the controversy"). The <u>Harden</u> Court also noted that in <u>Nguyen v. United States</u>, 539 U.S. 69 (2003) the defendant did not object to the presence of Article IV territorial judge during the proceedings before the Ninth Circuit. The Supreme Court vacated the appellate judgments and remanded to the Ninth Circuit. While the "defect was not raised in a timely manner", the Supreme Court in <u>Nguyen</u> reviewed the potential statutory violation because that statutory provision in question "embodies

a strong policy concerning the proper administration of judicial business". Id. at 78, citing Glidden Co. v. Zdanok, 370 U.S. 530, 536 (1962).

The Harden Court also cited Wingo v. Wedding, 418 U.S. 461 (1974), a case reviewing the authority of magistrate judges. The Wingo Court concluded that the Magistrate did not have authority to conduct an evidentiary hearing in a habeas case without considering whether the defendant was harmed. By following the direction given by the Supreme Court in Wingo and Nguyen, This Court does not need to determine if Mr. Hammond suffered prejudice in this matter. The Magistrate Judge acted without the authority of the Federal Magistrates Act by accepting Mr. Hammond's felony guilty plea.

CONCLUSION

The Magistrate Judge's acceptance of Mr. Hammond's guilty plea violated the Federal Magistrates Act. Accordingly, the judgment should be reversed and the conviction should be vacated.

Respectfully submitted, this 12th day of November, 2014.

/s/ Tony E. Rollman
P.O. Box 8695
Asheville, NC 28814
(828)253-7788
Email:rollmanlaw@yahoo.com
NCBar#21267

*Counsel for Appellant*

## CERTIFICATE OF COMPLIANCE WITH RULE 32(a)

Certificate of Compliance with Type-Volume Limitation,
Typeface Requirements, and Type Style Requirements

1.    This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because:

>    this brief contains <u>2,785</u> words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.    This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

>    this brief has been prepared in a proportional spaced typeface using <u>Microsoft Word</u> in <u>14 point Times New Roman</u>.


   /s/ Tony E. Rollman
Tony E. Rollman

Dated: November 12, 2014

<u>CERTIFICATE OF FILING AND SERVICE</u>

I hereby certify that on November 12, 2014, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

Amy E. Ray
OFFICE OF THE
  UNITED STATES ATTORNEY
United States Courthouse
100 Otis Street, Room 233
Asheville, NC  28801
(828) 271-4661

*Counsel for Appellee*

The necessary filing and service were performed in accordance with the instructions given to me by counsel in this case.

/s/ Shelly N. Gannon
Shelly N. Gannon
GIBSON MOORE APPELLATE SERVICES, LLC
421 East Franklin Street
Suite 230
Richmond, VA  23219